# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SERVCOR INTERNATIONAL, INC.,**

    **Plaintiff,**

**v.**                                                **Case No. 8:10-cv-552-T-30TBM**

**BAYER MATERIALSCIENCE, LLC,**
**et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 16) and Defendants Bayer Material Science, LLC and Urethane of Kentuckiana, Inc.'s Response to Plaintiff's Motion to Remand (Dkt. 27). The Court, having reviewed the filings of the parties, concludes that Plaintiff's Motion to Remand should be granted.

## BACKGROUND

This case revolves around the parties' involvement in the Miami International Airport re-roofing project ("MIA Project"). The roof, or a portion thereof, of the Miami International Airport needed to be re-roofed; however, prior bids for the work were too costly. Thus, the Miami Dade Aviation Department ("MDAD") became interested in using a different roofing material, a spray polyurethane foam roof system, for the MIA Project. MDAD consulted with architects and MDAD's architects consulted with Plaintiff Servcor International, Inc. ("Plaintiff" or "Servcor"), a roofing consultant, as to whether such a system could be used.

Plaintiff persuaded MDAD to include certain products and certain warranties in the bid specifications. Plaintiff thought it would benefit from the inclusion of the products and warranty in the specifications due to its alleged relationship with the product manufacturer, Defendant Bayer MaterialScience ("Bayer").

Plaintiff claims that it partnered with Bayer to bid on the MIA Project as its first turnkey project. Bayer, however, leaked information regarding the bidding to Defendant Urethane of Kentuckiana ("IRC") and IRC acted on the disclosure and showed up at the pre-bid conference. Plaintiff claims that IRC initially represented to Plaintiff that it intended to be part of the Bayer-Servcor Partnership bidding team and Plaintiff relied on IRC's representation and provided IRC with confidential information, intended only for the Bayer-Servcor Partnership bidding team, including detailed take-off or cost-estimating information, and the bid amount that Plaintiff had spent time developing. Plaintiff alleges that IRC then used the confidential information to underbid all other bidders and obtain the roofing subcontract for itself. Thereafter, IRC conspired with Defendant Mike Gomez Construction Consulting, Inc. ("Gomez") to have the specifications changed after the bids were submitted and after the work was fully performed and completed, to not only shut Plaintiff and the other bidders out, but to substitute IRC's inferior System warranty for the more comprehensive FSM warranty which was required by the project specifications.

The FSM warranty had been developed by Plaintiff for the Bayer-Servcor Partnership. The System warranty provided to MDAD left MDAD responsible for all maintenance obligations and expenses for the roof during the fifteen-year warranty period. Plaintiff

alleges that Defendants entered into an agreement to defraud both MDAD and Plaintiff and to cause financial harm to each through a series of false and fraudulent representations to MDAD, resulting in MDAD accepting warranties on the MIA Project that were grossly inferior to the FSM warranty. Because Plaintiff's warranty was not used, it received nothing. Plaintiff also alleges that Defendants' actions damaged Plaintiff's credibility with MDAD and resulted in Plaintiff losing the advantageous business relationship it had established with MDAD as a result of a decade of work.

Plaintiff originally brought this action in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida (the "State Court Action"). Defendant Bayer removed the case to this Court, arguing that Plaintiff, a Florida corporation, fraudulently joined Defendant Gomez, a Florida corporation, to destroy diversity of citizenship.

Plaintiff's complaint asserts three causes of action against Gomez for civil conspiracy, negligence, and unjust enrichment. Plaintiff's Motion to Remand argues that the removal is defective because there is no fraudulent joinder as alleged by Bayer. Specifically, Plaintiff contends that there is a good possibility that it will establish at least one, if not all three causes of action, asserted against non-diverse Florida Defendant, Gomez, and, thus, Bayer has failed to prove by clear and convincing evidence that Gomez was fraudulently joined as a Defendant in this action solely to defeat federal diversity jurisdiction.

The Court concludes that although Defendants establish weaknesses in Plaintiff's claims against Gomez, Plaintiff's claim of conspiracy against Gomez demonstrates a possibility of stating a valid cause. Thus, remand is appropriate.

## **DISCUSSION**

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir. 1996). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter back to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ. of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir. 1999).

"An action may nevertheless be removable if the joinder of the non-diverse party ... [was] fraudulent." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). There are three situations where joinder may be deemed fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several,

or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.* Defendants in the instant case have asserted that Plaintiff cannot prove a cause of action against Gomez, the only non-diverse defendant.

In evaluating this type of fraudulent joinder claim, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287. The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)). In considering *possible* state law claims, possible must mean "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Id.*

"[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg*, 428 F.3d at 1322 -23 (emphasis in the original ) (*citing Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar

to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Id.* (*citing Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Id.* (*citing Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989)).

As set forth herein, Plaintiff asserts three causes of action against Gomez for civil conspiracy, negligence, and unjust enrichment. The Court must remand the present case if any one of the three counts presents the possibility of a valid cause of action against Gomez, the non-diverse Defendant. A review of the first cause of action against Gomez for civil conspiracy demonstrates the possibility of a valid cause of action. There is a reasonable basis for predicting that the state law might impose liability on the facts involved. Moreover, Plaintiff's affidavit relied upon in support of its motion to remand rebuts the affidavits relied upon by Defendants, creating questions of fact that must be resolved in Plaintiff's favor.

For there to be a civil conspiracy claim under Florida law, four elements must be met: (1) there must be an agreement between two or more parties (2) to do an unlawful act by unlawful means (3) the committing of an overt act in pursuance to the conspiracy and (4) damage to the plaintiff as a result of the act. *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, 590 F. Supp. 2d 1364, 1368 -1369 (M.D. Fla. 2008). The basis for the conspiracy must be "an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." *American Diversified Ins. Servs. v. Union Fidelity Life Ins. Co.,* 439 So. 2d 904, 906 (Fla. 2d DCA 1983).

Plaintiff argues that it has three separate conspiracy claims against Gomez: conspiracy based upon fraud, conspiracy based upon tortious interference with an advantageous business relationship, and conspiracy as an independent tort. In order to sustain a claim of conspiracy as an independent tort, Plaintiff must establish that "[t]he result of defendants' concerted action must have been different from anything that could have been accomplished separately." *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541-42 (11th Cir. 1990).

A review of Plaintiff's complaint demonstrates that it is "possible" that Plaintiff can sustain a claim against Gomez under either of the three separate conspiracy theories. Plaintiff's complaint alleges in great detail the purported scheme that Defendants employed to cause financial harm to Plaintiff and MDAD by fraudulently persuading MDAD to accept warranties on the MIA Project that were grossly inferior to the FSM warranty developed by Plaintiff. Plaintiff also alleges facts demonstrating that this scheme tortiously interfered with Plaintiff's advantageous business relationship with MDAD. Moreover, there is a reasonable basis for predicting that the state court would determine that the result of Defendants' concerted actions were different from anything that could have been accomplished separately.

Although Defendants present conflicting facts on these issues in their affidavits and present argument attacking the strength of these legal claims, Plaintiff rebuts these facts in its affidavit and the Court must resolve all questions of fact and all ambiguities in the

controlling state law in favor of Plaintiff.  *Cabalceta*, 883 F.2d at 1561.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 16) is hereby GRANTED.

2. The Clerk of this Court is directed to **REMAND** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.  The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The CLERK is directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-552.remand.frm